UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAMRÓG FUND ICAV, acting solely in respect of its sub-fund, SEAMRÓG SOVEREIGN RECOVERY SUB-FUND, and EDWARD COWEN<br><br>      Plaintiffs,<br><br> v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>      Defendant. | Case No. 1:23-cv-05896<br><br>**AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs Seamróg Fund ICAV, acting solely in respect of its sub-fund Seamróg Sovereign Recovery Sub-Fund, and Edward Cowen submit this amended complaint and allege as follows:[1]

**PRELIMINARY STATEMENT**

1. This case involves beneficial interests in eight series of bonds ("the Bonds") issued by Defendant the Bolivarian Republic of Venezuela ("Venezuela"). Venezuela issued the Bonds pursuant to two separate fiscal agency agreements: the 1997 FAA and the 2001 FAA (collectively, "the FAAs"). Under the FAAs and the terms of the Bonds, Venezuela made unconditional promises to make punctual principal and interest payments. Since late 2017, however, Venezuela has failed to make contractually mandated principal and interest payments on the Bonds. In this breach of contract action, Plaintiffs seek to recover all due and unpaid principal and interest

---

[1] Under Rule 15(a)(1)(B), "if the pleading is one to which a responsive pleading is required," then "[a] party may amend its pleading once as a matter of course no later than … 21 days after service of a responsive pleading or … a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiffs have timely filed an amended complaint as a matter of course because Defendant the Bolivarian Republic of Venezuela has not served either a responsive pleading or motion under Rule 12(b), (e), or (f) in response to Plaintiffs' original complaint.

payments on the Bonds, together with any principal and interest payments that may yet accrue and remain unpaid prior to final judgment.

## PARTIES

2.  Plaintiff Seamróg Fund ICAV ("Seamróg") is an umbrella Irish Collective Asset-management Vehicle organized and existing under the laws of Ireland, with a principal place of business in Dublin, Ireland. Seamróg has a number of sub-funds with segregated liability between them and has sole authority to sue on their behalf under Section 37 of the Irish Collective Asset-management Vehicles Act of 2015. One of these sub-funds, the Seamróg Sovereign Recovery Sub-Fund, owns beneficial interests in the Bonds at issue in this case. For simplicity, this complaint refers to Plaintiff Seamróg as the beneficial owner of the Bonds.

3.  Plaintiff Edward Cowen is a natural person and citizen of the United Kingdom.

4.  Defendant the Bolivarian Republic of Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1330(a) because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity under 28 U.S.C. §§ 1605–07 or under any applicable international agreement. Venezuela is not entitled to sovereign immunity because, in the FAAs, it explicitly and irrevocably waived sovereign immunity with respect to actions arising out of the FAAs or the Bonds. In addition, under 28 U.S.C. § 1605(a)(2) Venezuela is not entitled to sovereign immunity because this action is based upon Venezuela's commercial activity, including marketing and offering the Bonds in the United States; promising to make payments in the United States; directing the actions of its fiscal agents in the United States; and breaching its contractual obligations to Plaintiffs and others.

6. This Court has personal jurisdiction over Venezuela because, in the FAAs, Venezuela explicitly and irrevocably submitted to the exclusive jurisdiction of this Court with respect to actions arising out of the FAAs or any bonds issued thereunder. In addition, this Court has personal jurisdiction over Venezuela under 28 U.S.C. § 1330(b) because Plaintiffs served Venezuela in accordance with 28 U.S.C. § 1608. *See* ECF No. 13.

7. Venue is proper because, in the FAAs, Venezuela consented to and waived any objection to venue in this Court with respect to actions arising out of the FAAs or any bonds issued thereunder. Venue is also proper under 28 U.S.C. § 1391(f)(1).

## FACTUAL ALLEGATIONS

8. The 1997 FAA is a contract among Venezuela and Banco Central de Venezuela, as official financial agent, and the Chase Manhattan Bank, as fiscal agent, dated September 3, 1997. The 1997 FAA provides that it is governed by New York law.

9. The 2001 FAA is a contract among Venezuela and Banco Central de Venezuela, as official financial agent, and Deutsche Bank AG and Deutsche Bank Trust Company Americas (formerly Bankers Trust Company), as fiscal agents and principal paying agents, dated July 25, 2001. The 2001 FAA and its amendments provide that they are governed by New York law.

10. Venezuela issued each series of the Bonds under the 1997 FAA or the 2001 FAA. The Bonds are governed by their terms, as set forth in the Bonds themselves and in the offering documents for each series, as well as by the applicable FAA. The terms of the Bonds provide that the Bonds are governed by New York law.

11. Each FAA provides that any bonds issued thereunder are unsecured, direct, unconditional, and general obligations of Venezuela.

12. Each FAA further provides that Venezuela pledges its full faith and credit to the due and punctual payment of any bonds issued thereunder.

13. Plaintiffs are beneficial owners of the Bonds in the following amounts:

| Series | ISIN | Maturity Date | Interest Due Dates | FAA | Plaintiff Beneficial Holders | Principal Amount |
|---|---|---|---|---|---|---|
| 12.75% 2022 Bonds | USP17625AC16 | Aug. 23, 2022 | Feb. 23; Aug. 23 | 2001 FAA and Amends. 1-3 | Cowen | $ 1,918,000 |
| 9% 2023 Bonds | USP17625AA59 | May 7, 2023 | May 7; Nov. 7 | 2001 FAA and Amends. 1-3 | Seamróg | $ 29,762,400 |
| 8.25% 2024 Bonds | USP97475AP55 | Oct. 13, 2024 | April 13; Oct. 13 | 2001 FAA and Amends. 1-3 | Seamróg | $ 63,205,200 |
| | | | | | Cowen | $ 1,849,200 |
| 11.75% 2026 Bonds | USP17625AE71 | Oct. 21, 2026 | April 21; Oct. 21 | 2001 FAA and Amends. 1-3 | Seamróg | $ 31,627,000 |
| 9.25% 2027 Bonds | US922646AS37 | Sept. 15, 2027 | Mar. 15; Sept. 15 | 1997 FAA | Seamróg | $ 27,133,000 |
| | | | | | Cowen | $ 5,444,000 |
| 9.25% 2028 Bonds | USP17625AB33 | May 7, 2028 | May 7; Nov. 7 | 2001 FAA and Amends. 1-3 | Seamróg | $ 48,165,300 |
| 11.95% 2031 Bonds | USP17625AD98 | Aug. 5, 2031 | Feb. 5; Aug. 5 | 2001 FAA and Amends. 1-3 | Seamróg | $ 88,699,200 |
| | | | | | Cowen | $ 14,475,400 |
| 7% 2038 Bonds | USP97475AJ95 | Mar. 31, 2038 | Mar. 31; Sept. 30 | 2001 FAA and Amends. 1-2 | Seamróg | $ 47,016,000 |
| | | | | | Cowen | $ 5,020,000 |

14. Beginning in October 2017, Venezuela began to cease meeting its obligations under the Bonds. Since then, Venezuela has missed every contractually mandated interest payment on the Bonds, amounting to thirteen or fourteen missed interest payments so far for each series:

| Series | Dates of Missed Interest Payments |
|---|---|
| 12.75% 2022 Bonds | Feb. 23, 2018; Aug. 23, 2018; Feb. 23, 2019; Aug. 23, 2019; Feb. 23, 2020; Aug. 23, 2020; Feb. 23, 2021; Aug. 23, 2021; Feb. 23, 2022; Aug. 23, 2022; Feb. 23, 2023; Aug. 23, 2023; Feb. 23, 2024 |
| 9% 2023 Bonds | Nov. 7, 2017; May 7, 2018; Nov. 7, 2018; May 7, 2019; Nov. 7, 2019; May 7, 2020; Nov. 7, 2020; May 7, 2021; Nov. 7, 2021; May 7, 2022; Nov. 7, 2022; May 7, 2023; Nov. 7, 2023; May 7, 2024 |
| 8.25% 2024 Bonds | Oct. 13, 2017; Apr. 13, 2018; Oct. 13, 2018; Apr. 13, 2019; Oct. 13, 2019; Apr. 13, 2020; Oct. 13, 2020; Apr. 13, 2021; Oct. 13, 2021; Apr. 13, 2022; Oct. 13, 2022; Apr. 13, 2023; Oct. 13, 2023; Apr. 13, 2024 |
| 11.75% 2026 Bonds | Oct. 21, 2017; Apr. 21, 2018; Oct. 21, 2018; Apr. 21, 2019; Oct. 21, 2019; Apr. 21, 2020; Oct. 21, 2020; Apr. 21, 2021; Oct. 21, 2021; Apr. 21, 2022; Oct. 21, 2022; Apr. 21, 2023; Oct. 21, 2023; Apr. 21, 2024 |
| 9.25% 2027 Bonds | Mar. 15, 2018; Sep. 15, 2018; Mar. 15, 2019; Sep. 15, 2019; Mar. 15, 2020; Sep. 15, 2020; Mar. 15, 2021; Sep. 15, 2021; Mar. 15, 2022; Sep. 15, 2022; Mar. 15, 2023; Sep. 15, 2023; Mar. 15, 2024 |
| 9.25% 2028 Bonds | Nov. 7, 2017; May 7, 2018; Nov. 7, 2018; May 7, 2019; Nov. 7, 2019; May 7, 2020; Nov. 7, 2020; May 7, 2021; Nov. 7, 2021; May 7, 2022; Nov. 7, 2022; May 7, 2023; Nov. 7, 2023; May 7, 2024 |
| 11.95% 2031 Bonds | Feb. 5, 2018; Aug. 5, 2018; Feb. 5, 2019; Aug. 5, 2019; Feb. 5, 2020; Aug. 5, 2020; Feb. 5, 2021; Aug. 5, 2021; Feb. 5, 2022; Aug. 5, 2022; Feb. 5, 2023; Aug. 5, 2023; Feb. 5, 2024 |
| 7% 2038 Bonds | Mar. 31, 2018; Sep. 30, 2018; Mar. 31, 2019; Sep. 30, 2019; Mar. 31, 2020; Sep. 30, 2020; Mar. 31, 2021; Sep. 30, 2021; Mar. 31, 2022; Sep. 30, 2022; Mar. 31, 2023; Sep. 30, 2023; Mar. 31, 2024 |

15. Because Venezuela has failed to make interest payments due on the Bonds for thirty days or more, multiple events of default exist under the terms of each series of the Bonds.

16. In addition to missed interest payments, Venezuela has failed to pay the principal amount currently due on the 12.75% 2022 Bonds and the 9% 2023 Bonds. These unpaid amounts continue to accrue interest at the contract rate, as set forth in the 2001 FAA and the terms of the bonds.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract on the 12.75% 2022 Bonds)

17. Seamróg repeats and realleges the allegations set forth in the foregoing paragraphs.

5

18. The 12.75% 2022 Bonds are direct, unconditional, and general obligations of Venezuela.

19. Cowen, as a beneficial owner of the 12.75% 2022 Bonds, has performed any obligations he may have under the 2001 FAA, as amended, and the 12.75% 2022 Bonds.

20. Venezuela failed to repay the principal on the 12.75% 2022 Bonds, which became due on August 23, 2022. Because Venezuela has not repaid the principal amount, the 12.75% 2022 Bonds continue to accrue interest at the contract rate.

21. Venezuela failed to make interest payments on the 12.75% 2022 Bonds on February 23, 2018; August 23, 2018; February 23, 2019; August 23, 2019; February 23, 2020; August 23, 2020; February 23, 2021; August 23, 2021; February 23, 2022; August 23, 2022; February 23, 2023; August 23, 2023; and February 23, 2024, as required by the terms of the 12.75% 2022 Bonds.

22. As a result, Venezuela owes Seamróg the entire principal amount on the 12.75% 2022 Bonds, all unpaid accrued interest and interest that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

### SECOND CLAIM FOR RELIEF
(Breach of Contract on the 9.00% 2023 Bonds)

23. Seamróg repeats and realleges the allegations set forth in the foregoing paragraphs.

24. The 9.00% 2023 Bonds are direct, unconditional, and general obligations of Venezuela.

25. Seamróg, as a beneficial owner of the 9.00% 2023 Bonds, has performed any obligations it may have under the 2001 FAA, as amended, and the 9.00% 2023 Bonds.

26. Venezuela failed to repay the principal on the 9.00% 2023 Bonds, which became due on May 7, 2023. Because Venezuela has not repaid the principal amount, the 9.00% 2023 Bonds continue to accrue interest at the contract rate.

27. Venezuela failed to make interest payments on the 9.00% 2023 Bonds on November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; May 7, 2020; November 7, 2020; May 7, 2021; November 7, 2021; May 7, 2022; November 7, 2022; May 7, 2023; November 7, 2023; and May 7, 2024, as required by the terms of the 9.00% 2023 Bonds.

28. As a result, Venezuela owes Seamróg the entire principal amount on the 9.00% 2023 Bonds, all unpaid accrued interest and interest that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

### THIRD CLAIM FOR RELIEF
(Breach of Contract on the 8.25% 2024 Bonds)

29. Seamróg and Cowen repeat and reallege the allegations set forth in the foregoing paragraphs.

30. The 8.25% 2024 Bonds are direct, unconditional, and general obligations of Venezuela.

31. Seamróg and Cowen, as beneficial owners of the 8.25% 2024 Bonds, have performed any obligations they may have under the 2001 FAA, as amended, and the 8.25% 2024 Bonds.

32. Venezuela failed to make interest payments on the 8.25% 2024 Bonds on October 13, 2017; April 13, 2018; October 13, 2018; April 13, 2019; October 13, 2019; April 13, 2020; October 13, 2020; April 13, 2021; October 13, 2021; April 13, 2022; October 13, 2022; April 13, 2023; October 13, 2023; and April 13, 2024, as required by the terms of the 8.25% 2024 Bonds.

33. As a result, Venezuela owes Plaintiffs all unpaid accrued interest on the 8.25% 2024 Bonds, all interest and principal payments that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

**FOURTH CLAIM FOR RELIEF**
(Breach of Contract on the 11.75% 2026 Bonds)

34. Seamróg repeats and realleges the allegations set forth in the foregoing paragraphs.

35. The 11.75% 2026 Bonds are direct, unconditional, and general obligations of Venezuela.

36. Seamróg, as a beneficial owner of the 11.75% 2026 Bonds, has performed any obligations it may have under the 2001 FAA, as amended, and the 11.75% 2026 Bonds.

37. Venezuela failed to make interest payments on the 11.75% 2026 Bonds on October 21, 2017; April 21, 2018; October 21, 2018; April 21, 2019; October 21, 2019; April 21, 2020; October 21, 2020; April 21, 2021; October 21, 2021; April 21, 2022; October 21, 2022; April 21, 2023; October 21, 2023; and April 21, 2024, as required by the terms of the 11.75% 2026 Bonds.

38. As a result, Venezuela owes Seamróg all unpaid accrued interest on the 11.75% 2026 Bonds, all interest and principal payments that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

**FIFTH CLAIM FOR RELIEF**
(Breach of Contract on the 9.25% 2027 Bonds)

39. Seamróg and Cowen repeat and reallege the allegations set forth in the foregoing paragraphs.

40. The 9.25% 2027 Bonds are direct, unconditional, and general obligations of Venezuela.

41. Seamróg and Cowen, as beneficial owners of the 9.25% 2027 Bonds, have performed any obligations they may have under the 1997 FAA and the 9.25% 2027 Bonds.

42. Venezuela failed to make interest payments on the 9.25% 2027 Bonds on March 15, 2018; September 15, 2018; March 15, 2019; September 15, 2019; March 15, 2020; September

15, 2020; March 15, 2021; September 15, 2021; March 15, 2022; September 15, 2022; March 15, 2023; September 15, 2023; and March 15, 2024, as required by the terms of the 9.25% 2027 Bonds.

43. As a result, Venezuela owes Plaintiffs all unpaid accrued interest on the 9.25% 2027 Bonds, all interest and principal payments that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

### SIXTH CLAIM FOR RELIEF
(Breach of Contract on the 9.25% 2028 Bonds)

44. Seamróg repeats and realleges the allegations set forth in the foregoing paragraphs.

45. The 9.25% 2028 Bonds are direct, unconditional, and general obligations of Venezuela.

46. Seamróg, as a beneficial owner of the 9.25% 2028 Bonds, has performed any obligations it may have under the 2001 FAA, as amended, and the 9.25% 2028 Bonds.

47. Venezuela failed to make interest payments on the 9.25% 2028 Bonds on November 7, 2017; May 7, 2018; November 7, 2018; May 7, 2019; November 7, 2019; May 7, 2020; November 7, 2020; May 7, 2021; November 7, 2021; May 7, 2022; November 7, 2022; May 7, 2023; November 7, 2023; and May 7, 2024, as required by the terms of the 9.25% 2028 Bonds.

48. As a result, Venezuela owes Seamróg all unpaid accrued interest on the 9.25% 2028 Bonds, all interest and principal payments that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

### SEVENTH CLAIM FOR RELIEF
(Breach of Contract on the 11.95% 2031 Bonds)

49. Seamróg and Cowen repeat and reallege the allegations set forth in the foregoing paragraphs.

50. The 11.95% 2031 Bonds are direct, unconditional, and general obligations of Venezuela.

51.     Seamróg and Cowen, as beneficial owners of the 11.95% 2031 Bonds, have performed any obligations they may have under the 2001 FAA, as amended, and the 11.95% 2031 Bonds.

52.     Venezuela failed to make interest payments on the 11.95% 2031 Bonds on February 5, 2018; August 5, 2018; February 5, 2019; August 5, 2019; February 5, 2020; August 5, 2020; February 5, 2021; August 5, 2021; February 5, 2022; August 5, 2022; February 5, 2023; August 5, 2023; and February 5, 2024, as required by the terms of the 11.95% 2031 Bonds.

53.     As a result, Venezuela owes Plaintiffs all unpaid accrued interest on the 11.95% 2031 Bonds, all interest and principal payments that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

**EIGHTH CLAIM FOR RELIEF**
(Breach of Contract on the 7.00% 2038 Bonds)

54.     Seamróg and Cowen repeat and reallege the allegations set forth in the foregoing paragraphs.

55.     The 7.00% 2038 Bonds are direct, unconditional, and general obligations of Venezuela.

56.     Seamróg and Cowen, as beneficial owners of the 7.00% 2038 Bonds, have performed any obligations they may have under the 2001 FAA, as amended, and the 7.00% 2038 Bonds.

57.     Venezuela failed to make interest payments on the 7.00% 2038 Bonds on March 31, 2018; September 30, 2018; March 31, 2019; September 30, 2019; March 31, 2020; September 30, 2020; March 31, 2021; September 30, 2021; March 31, 2022; September 30, 2022; March 31, 2023; September 30, 2023; and March 31, 2024, as required by the terms of the 7.00% 2038 Bonds.

58. As a result, Venezuela owes Plaintiffs all unpaid accrued interest on the 7.00% 2038 Bonds, all interest and principal payments that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

## REQUEST FOR RELIEF

Plaintiffs demand judgment against Venezuela as follows:

a. A money judgment in an amount to be determined at trial, but not less than all accrued and unpaid principal and interest, including principal and interest that may accrue and remain unpaid prior to final judgment, plus prejudgment interest, post-judgment interest, and attorneys' fees and costs.

b. Such other and further relief as the Court shall deem just and proper.

Dated: May 14, 2024

        GIBSON, DUNN & CRUTCHER LLP

        By:  /s/ Matthew D. McGill
            Matthew D. McGill
            Nick Harper
            Aaron Hauptman
            1050 Connecticut Avenue, N.W.,
            Washington, D.C.  20036
            Telephone:  202.887.3680
            mmcgill@gibsondunn.com
            nharper@gibsondunn.com
            ahauptman@gibsondunn.com

        *Attorneys for Plaintiffs*